UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELSHAUN MOSELEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV1342 AGF |
| UNKNOWN PRICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Kelshaun Moseley (registration no.1233544), an inmate at Crossroads Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order plaintiff to amend his complaint by interlineation within thirty (30) days of the date of this Order by indicating the capacity under which he is suing defendant Unknown Price.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $37.50, and an average monthly balance of $30.14. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Kelshaun Moseley, an inmate at Crossroads Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Price (Corr. Officer, Missouri Eastern Corr. Center ("MECC")); Ronda

Ridgeway Lopez (Sergeant, MECC); James L. Culbreath (Corr. Officer, MECC); John Ruff (Corr. Officer, MECC).

Plaintiff asserts that on January 9, 2013, he was being housed in the Administrative Segregation Unit in MECC when Officer Price opened the cell doors and allowed another offender to run into his cell. Plaintiff claims that during this time he was sleeping in his cell and the offender attacked him while he was sleeping. Plaintiff claims that this was a breach of defendant Price's duty to protect him, as defendant Price knew that the other offender had recently engaged in an altercation with plaintiff and was looking for another opportunity to hurt plaintiff.

Plaintiff claims that he was seriously injured during the altercation, and he asserts that he was struck numerous times in the face and head, as well as kicked between the legs. Plaintiff states that the other named defendants "acknowledge this occurrence . . . and witness[ed] the physical aspects." However, plaintiff asserts that "only the CO Price was basically at fault."

Plaintiff seeks monetary damages and injunctive relief, but he has not indicated the capacity under which he is suing defendant Unknown Price.

## Discussion

Because plaintiff has not stated a causal connection between defendants Ronda Ridgeway Lopez, James Culbreath and John Ruff and the alleged harm in his complaint, the Court will dismiss these defendants from this action at this time. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As plaintiff

has not stated a personal connection between Lopez, Culbreath and Ruff and his allegations in this lawsuit, his allegations against these defendants fail to state a claim for relief.

Broadly interpreting plaintiff's claims, it appears that plaintiff is asserting a failure to protect claim against defendant Unknown Price, which arises under the Eighth Amendment.[1] The Court would like to issue process on this claim at this time, however, plaintiff has neglected to allege the capacity under which he suing defendant Price.[2] Despite the aforementioned, and because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to amend his complaint by interlineation.

Plaintiff shall have thirty (30) days from the date of this Order to file an amendment by intelineation indicating the capacity under which he wishes to sue defendant Unknown Price. The amendment by interlineation need only take the form of a one-page document indicating whether plaintiff is suing defendant Unknown Price in his individual capacity, his official capacity or both.

After plaintiff files his amendment by interlineation, the Court will determine whether it is appropriate to issue process on plaintiff's failure to protect claim against defendant Price. Plaintiff's failure to file his amendment by interlineation in a timely manner may result in a dismissal of this action without prejudice.

---

[1] To state a failure-to-protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *See Farmer v. Brennan,* 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate can constitute "serious harm." *Jensen v. Clarke,* 94 F.3d 1191, 1198 (8th Cir. 1996).

[2] Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Ronda Ridgeway Lopez, James L. Culbreath and John Ruff because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amendment to his complaint by interlineation indicating the capacity in which he wishes to sue defendant Unknown Price.

**IT IS FURTHER ORDERED** that after plaintiff submits his amendment to the complaint by interlineation the Court will review this matter pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Memorandum and Order could result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 15th day of September, 2015.

                                                        _/s/ Audrey G. Fleissig_
                                                        AUDREY G. FLEISSIG
                                                        UNITED STATES DISTRICT JUDGE