# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELSHAUN MOSELEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1342 AGF |
| | ) | |
| UNKNOWN PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion to amend his complaint by interlineation. Plaintiff states in his motion that he wishes to sue defendant Price in both his individual and official capacity. For the reasons stated below, the Court will dismiss plaintiff's allegations against defendant Price in his official capacity and request that the Clerk of Court issue service against defendant Price on plaintiff's claims in his individual capacity.

### Procedural and Factual Background

Plaintiff, Kelshaun Moseley, an inmate at Crossroads Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Although plaintiff originally named several defendants in his complaint, the Court dismissed all of the defendants from this action except defendant Unknown Price, a Correctional Officer at Missouri Eastern Correctional Center ("MECC"), in its September 15, 2015 Memorandum and Order and Order of Partial Dismissal. Plaintiff was then required to file with the Court an amendment to his complaint by interlineation, telling the Court the capacity under which he wished to sue defendant Price. On October 1, 2015, plaintiff filed his amendment indicating that he wished to sue defendant Price in his individual and official capacities. Plaintiff's claims against defendant Price are as follows.

Plaintiff asserts that on January 9, 2013, he was being housed in the Administrative Segregation Unit in MECC when Officer Price opened the cell doors and allowed another offender to run into his cell. Plaintiff claims that during this time he was sleeping in his cell and the offender attacked him while he was sleeping. Plaintiff claims that this was a breach of defendant Price's duty to protect him, as defendant Price knew that the other offender had recently engaged in an altercation with plaintiff and was looking for another opportunity to hurt plaintiff.

Plaintiff claims that he was seriously injured during the altercation, and he asserts that he was struck numerous times in the face and head, as well as kicked between the legs. Plaintiff states that the other named defendants "acknowledge this occurrence . . . and witness[ed] the physical aspects." However, plaintiff asserts that "only the CO Price was basically at fault."

Plaintiff primarily seeks monetary damages, although he has indicated that he believes he is also entitled to "an earlier release date" as a result of his pain and suffering.

**Discussion**

Unknown Price, a correctional officer at MECC, is a government official. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's claims against defendant Price in his official capacity fail to state a claim upon which relief may be granted and are subject to dismissal.

Plaintiff's claims against defendant Price in his individual capacity, however, survive review under 28 U.S.C. § 1915, as plaintiff's allegations in his complaint state a failure to protect claim under *Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). As such, the Court will

order the Clerk to issue process on this Eighth Amendment claim, pursuant to the Court's waiver agreement with the Missouri Attorney General's Office.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend by interlineation [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on plaintiff's official capacity claim against defendant Unknown Price because this claim is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on plaintiff's individual capacity claim against defendant Unknown Price, a Correctional Officer at MECC, in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Unknown Price shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of October, 2015.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE